```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

STANLEY JULES JOHNSON                             CIVIL ACTION

VERSUS                                            NO. 06-0254

STATE OF LOUISIANA                                SECTION R(2)


## ORDER AND REASONS

Before the Court is petitioner's application for habeas corpus in which he objects to the execution of a Louisiana state sentence. Having reviewed *de novo* the petition, the record, and the applicable law, the Court finds that the petition should be DISMISSED.


**I.   FACTUAL BACKGROUND**

On March 3, 1976, Stanley Johnson was sentenced in federal court to 99 years of incarceration for bank robbery and murder. (R. Doc. 8 at Ex. 9). On March 17, 1976, Louisiana sentenced Johnson to two 99-year sentences and a 48-year sentence for two counts of armed robbery and one count of attempted armed robbery. (State rec. Vol. I). The Louisiana court ordered Johnson to

serve the sentences concurrently and consecutive to the federal sentence.  (State rec. Vol. I; R. Doc. 7 at Ex. 1).  The State alleges, and Johnson does not contest, that the Louisiana Supreme Court affirmed Johnson's state conviction and sentence on July 1, 1977.  (R. Doc. 7).

Johnson alleges, and this Court accepts as true, that on April 9, 1976, the State released Johnson into federal custody. (R. Doc. 1 at 6).  Johnson filed this federal *habeas* petition on June 9, 2005, asserting that the detainers the state issued to ensure Johnson's return to State custody after completion of his federal sentence are invalid.  (R. Doc. 1 at 7).  Johnson alleges that the detainers are invalid because the state permanently relinquished its custody over him when state authorities delivered him into federal custody on April 9, 1976.  *Id*.  He makes this claim based on two theories: (1) at the time of his release into federal custody, the state did not issue a writ of *habeas corpus ad prosequendum* stipulating the limited nature of the release, and (2) the state could not release Johnson from the sentence he was already serving in order to begin serving a sentence imposed by the federal government without permanently releasing him from the sentence he was already serving.  (R. Doc. 1 at 8).

The State asserts that after a diligent search of the

2

records of Terrebone Parish's sheriff's office and clerk of court's office, as well as inquiries to St. John the Baptist Parish and Jefferson Parish, the State found no documentation indicating that Louisiana filed the detainers that Johnson challenges.  (R. Doc. 7).  The State contends that it cannot respond to Johnson's claim that the detainers are illegal without further information.  *Id*.

**II. DISCUSSION**

    **A. 28 U.S.C. section 2241**

A court may liberally construe a *pro se* petitioner's pleading as a *habeas* petition.  By bringing a claim that implicates the duration of his confinement, a prisoner challenges the execution of his sentence, and the claim is therefore properly treated as a section 2241 *habeas* petition. *Davis v. Fechtel*, 150 F.3d 486 (5th Cir. 1998).  Since Johnson's claim directly implicates the duration of his confinement by seeking a reduction in his state sentence, his claim is properly treated as a section 2241 *habeas* petition.  *Id*.

    **B.   Analysis**

        *1.   Existence of the detainers*

The State asserts that since it cannot locate any detainers

filed against Johnson, it lacks adequate information to respond to his claims that the State detainers are invalid.  Petitioner's exhibits include four Detainer Action Letters from the Federal Bureau of Prisons to the State of Louisiana Department of Corrections that refer to state detainers filed against Johnson. (R. Doc. 8 at Exs. 7, 11).  Furthermore, since the detainers may have been filed as many as 30 years ago, the state's inability to locate them now does not strongly support the conclusion that they were never filed.  Therefore, for the purposes of this opinion, the Court assumes that Louisiana filed detainers against Johnson.

      2.   *Standing to Challenge the State Sentence*

Petitioner asserts that the state relinquished custody over him because it failed to issue a writ of *habeas corpus ad prosequendem* stipulating that the nature of its release was limited to allowing Johnson to serve the federal sentence.  When state authorities surrender a prisoner to federal authorities for trial, sentence, or execution of a sentence before the prisoner is to be returned to state custody, the prisoner has no standing to contest the agreement because the agreement is a matter of comity between sovereign governments.  *Bullock v. State of Mississippi*, 404 F.2d 75 (5th Cir. 1968) (a prisoner has no standing to contest the agreement between sovereigns as to the

order of prosecution and execution of sentences); *See also United States v. Wright*, 59 F. 3d 168 (4th Cir. 1995); *Causey v. Civiletti*, 621 F.2d 691 (5th Cir. 1980) (the federal government and a state are free to make any agreement between themselves concerning which of their sentences will be served first); *Tokman v. Terrell*, 2006 WL 1750671 (W.D. La. 2006) ("[T]he question of jurisdiction and custody is one of comity between the two governments and not a personal right of the prisoner.").  Since prisoners have no standing to challenge agreements between sovereign governments as to the order of prosecution and execution of their sentences, they may not challenge either their original removal from state custody or their return to state custody after completion of the sentence imposed by the other sovereign.  *Bullock*, 404 F.2d at 76; *Wright*, 59 F.3d at *1.

That one sovereign fails to issue a writ of *habeas corpus ad prosequendum* before surrendering custody of a prisoner to another sovereign does not deprive it of its custody over the prisoner, nor does it give the prisoner standing to attack the agreement between sovereigns.  *Delong v. United States*, 474 F. 2d 719 (5th Cir. 1973); *See also White v. Kelly*, 82 F. Supp. 2d 1184 (D. Col. 2000) (holding that the state's filing of a detainer after a prisoner was taken into federal custody was sufficient to demonstrate that the state had not waived its jurisdiction with

respect to any unserved portion of the prisoner's sentence).

While it is not clear from the record whether the State issued a writ stipulating the limited nature of its release of Johnson to the federal authorities, there is ample evidence that Louisiana made an agreement with the federal government that Johnson would serve his federal sentence before his state sentence.  The district attorney for St. John the Baptist Parish sent a letter to the United States Marshals requesting that the Marshals take custody of Johnson from the Terrebonne sheriff and, in order to ensure his eventual return to state custody, inform the district attorney's office as to the location of Johnson's confinement.  (R. Doc. 7 at Ex. 1).  As noted *supra*, the four Detainer Action Letters sent from the Federal Bureau of Prisons to the state penitentiary system affirm that state detainers were filed against Johnson.

The State and federal governments agreed that Johnson would serve his federal sentence first and would then be relinquished to the custody of the State.  Louisiana clearly did not intend to relinquish its jurisdiction over Johnson when it delivered him to federal authorities.  Johnson thus has no standing to challenge this agreement regardless of whether the State issued a formal writ at the time of Johnson's release from state custody.

> 3. *Interruption of a state sentence to serve a federal sentence*

Petitioner contends that the State could not release him from the sentence he began serving in Louisiana in order to serve his federal sentence without permanently relinquishing its right to impose the state sentence. In *Hanks v. Wideman*, 434 F.2d 256, 257 (5th Cir. 1970), the Fifth Circuit held that the federal government retained authority to require a prisoner to complete a five-year sentence when the prisoner had served 23 days on the sentence before being released to serve a State sentence. *Id*. In *Tokman*, *supra,* the court held that Louisiana did not relinquish its power to keep a prisoner already serving a State sentence in its custody when it extradited the prisoner to Mississippi for prosecution. Even though Mississippi and Louisiana may have violated the terms of an extradition agreement by allowing the prisoner to serve the 24-year Mississippi sentence before being returned to Louisiana, the court held that a sovereign does not lose its power to keep a prisoner in custody by releasing the prisoner to another government for service of another sentence. *Id*., 2006 WL 1750671 at *4.

Like the federal government in *Hanks*, Louisiana placed detainers on Johnson in order to ensure his return to State custody, thereby showing its intent to retain jurisdiction over

the prisoner.  Since the State did not intend to waive its jurisdiction over Johnson, there is little to materially distinguish the facts of this case from those examined in *Hanks* and *Tokman*.  *Hanks* and *Tokman* hold that a government's release of a prisoner for prosecution or execution of a sentence in another jurisdiction does not deprive that government of custody over the prisoner.  Therefore, even though Johnson had begun serving his State sentence at the time of his transfer into federal custody, this transfer did not deprive Louisiana of its jurisdiction over Johnson.  Thus, the State may require Johnson to complete his sentence when he is released from federal custody, and Johnson's petition challenging the State's intention to do so lacks merit.

### III. CONCLUSION

For the reasons stated above petitioner's *habeas* petition is DISMISSED with prejudice.

New Orleans, Louisiana, this 18th day of July, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE