UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


STANLEY JULES JOHNSON                          CIVIL ACTION

VERSUS                                         NO. 06-0254

STATE OF LOUISIANA                             SECTION R (2)


                         **ORDER AND REASONS**

    Petitioner Stanley Jules Johnson moves the Court for a certificate of appealability.  For the following reasons, the Court DENIES the motion.


I.   PROCEDURAL BACKGROUND

    On March 3, 1976, Stanley Johnson was sentenced in federal court to 99 years of incarceration for bank robbery and murder. (R. Doc. 8 at Ex. 9).  On March 17, 1976, Louisiana sentenced Johnson to two 99-year sentences and a 48-year sentence for two counts of armed robbery and one count of attempted armed robbery. (State rec. Vol. I).  The Louisiana court ordered Johnson to serve the sentences concurrently and consecutive to the federal sentence.  (State rec. Vol. I; R. Doc. 7 at Ex. 1).  The State

alleged, and Johnson did not contest, that the Louisiana Supreme Court affirmed Johnson's state conviction and sentence on July 1, 1977. (R. Doc. 7).

Johnson alleged, and this Court accepted as true, that on April 9, 1976, the State released Johnson into federal custody. (R. Doc. 1 at 6). Johnson filed this federal *habeas* petition on June 9, 2005, asserting that the detainers the state issued to ensure Johnson's return to State custody after completion of his federal sentence are invalid. (R. Doc. 1 at 7). Johnson alleged that the detainers are invalid because the state permanently relinquished its custody over him when state authorities delivered him into federal custody on April 9, 1976. *Id*. He made this claim based on two theories: (1) at the time of his release into federal custody, the state did not issue a writ of *habeas corpus ad prosequendum* stipulating the limited nature of the release, and (2) the state could not release Johnson from the sentence he was already serving in order to begin serving a sentence imposed by the federal government without permanently releasing him from the sentence he was already serving. (R. Doc. 1 at 8).

The State asserted that after a diligent search of the records of Terrebone Parish's sheriff's office and clerk of court's office, as well as inquiries to St. John the Baptist

2

Parish and Jefferson Parish, the State found no documentation indicating that Louisiana filed the detainers that Johnson challenges. (R. Doc. 7). The State contended that it could not respond to Johnson's claim that the detainers are illegal without further information. *Id*.

By Order and Reasons dated July 18, 2006, the Court dismissed Johnson's federal *habeas* claims. The Court found that, because prisoners have no standing to challenge agreements between sovereign governments as to the order of prosecution and execution of their sentences, the fact that the State of Louisiana may have failed to issue a writ of *habeas corpus ad prosequendum* before releasing Johnson from state custody did not permit him to challenge his subsequent return to state custody upon completion of his federal sentence. *Delong v. United States*, 474 F. 2d 719 (5th Cir. 1973). The Court also found that a government's release of a prisoner for prosecution or execution of a sentence in another jurisdiction does not deprive that government of custody over the prisoner. *Hanks v. Wideman*, 434 F.2d 256, 257 (5th Cir. 1970); *Tokman v. Terrell*, 2006 WL 1750671 at *4 (W.D. La. 2006). Therefore, the Court held that even though Johnson had begun serving his State sentence at the time of his transfer into federal custody, this transfer did not deprive Louisiana of its jurisdiction over Johnson. Johnson now

moves for a certificate of appealability on these issues.

## II.  DISCUSSION

The Court may not issue a certificate of appealability here because Johnson has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  537 U.S. 322, 336 (2003).

Johnson raises nothing new in this motion.  Having reviewed its July 18, 2006 Order dismissing petitioner's claims, the Court concludes that the record does not establish that reasonable jurists could debate the Court's resolution of the issues. Accordingly, the Court finds that a certificate of appealability should not issue.

New Orleans, Louisiana, this 11th day of December, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

4